994

■ In the Matter of C. & I. REST. CORP., Petitioner, v. ROBERT E. DOYLE et al., Constituting the State Liquor Authority, Respondents.— Determination unanimously modified, on the law and on the facts, as hereinafter indicated, without costs, and the proceeding remanded for the purpose of considering the sanctions imposed. The evidence does not sustain the finding that petitioner operated a "clip joint". While the prices charged for liquor might have been high, there was nothing secret or furtive in their application, nor proof that the prices charged did not accord with the list prices. We cannot say that there is not substantial evidence to support the other findings made by respondent. It may be that the determination herein made by respondent will not be altered on remand. However, the converse is equally true. The severity of the penalty might have been influenced by the finding that petitioner operated a "clip joint". At any rate, respondent should be afforded the opportunity to reappraise the sanctions imposed. The matter is remanded. Concur— Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ TEL-A-SIGN, INC., et al., Respondents, v. COMMERCIAL INTERNATIONAL CORPORATION, Appellant, et al., Defendants.— Order entered on November 15, 1962, insofar as appealed from, unanimously modified to the extent of granting appellant's motion for judgment dismissing the complaint as to plaintiff Tel-A-Sign, Inc. and, as modified, affirmed, with $20 costs and disbursements to appellant. (See *Tel-A-Sign* v. *Weesner*, 18 A D 2d 994.) Settle order on notice. Concur— Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ TEL-A-SIGN, INC., et al., Respondents, v. R. PAUL WEESNER et al., Appellants, et al., Defendants.— Orders entered on November 2, 1962, insofar as appealed from, unanimously modified to the extent of granting appellants' motions for judgment dismissing the complaint as to plaintiff, Tel-A-Sign, Inc., pursuant to subdivision 2 of rule 106 and subdivision 2 of rule 107 of the Rules of Civil Practice, and otherwise affirmed, with $20 costs and disbursements to appellants. In this derivative stockholders' action, the complaint alleges that plaintiff Tel-A-Sign, Inc., acquired its stock interest in the corporation in July and August, 1962. Neither the complaint, nor the affidavits, alleges any wrongdoing during or after the acquisition of the stock by Tel-A-Sign, Inc. The unambiguous language of section 61 of the General Corporation Law requires that a plaintiff in this type of action be a stockholder "at the time of the transaction of which he complains". The clear effect of section 61 cannot be avoided by the contention that under section 61-b Tel-A-Sign, Inc., would have the right to intervene in the action for the purpose of determining whether security must be posted. It has, however, been held that proposed intervenors must meet the requirements of section 61 before permission to intervene will be granted. (*Richman* v. *Felmus*, 8 A D 2d 985; see 73 Harv. L. Rev. 1222–1225.) The question of intervention is, however, irrelevant at this juncture of the case and we therefore do not specifically pass on it. But unquestionably any claim of a privilege to intervene cannot affect the unqualified requirement of section 61 that to maintain this action Tel-A-Sign, Inc., must have been a stockholder at the time of the transactions about which complaint is made. Since it appears that it was not such a stockholder, the complaint must be dismissed against it. We agree, however, that the allegations as to the individual plaintiffs meet the requirements of section 61. The specific dates of acquisition of their stock — if that becomes material — can be obtained by a bill of particulars. On the face of the complaint, there is a sufficient allegation of the ownership of stock at the time of the transactions of which the stockholders complain. Settle order on notice. Concur— Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.